**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DANIEL O'NEIL ) | |
| ) | Civil Action Number: |
| Plaintiff ) | |
| ) | FLSA Action |
| v. ) | |
| ) | Jury Trial Demanded |
| FitzGerald & Sons Plumbing Company ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Daniel O'Neil (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant FitzGerald & Sons Plumbing Company (hereinafter "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff, of his lawful overtime wages.

2. Plaintiff was employed by Defendant from on or about April 7, 2011 thru April 6, 2012, initially as a plumber's helper and then from on or about June, 2011 as a welder based at Defendant's 105 Auburn Court, Peachtree City, Georgia 30269 location (hereinafter "Defendant's Peachtree City Location").

3. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Newnan, Coweta County, Georgia. Plaintiff was employed by Defendants until on or about April 6, 2012.

8. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendant.

9. Defendant is a corporation formed under the laws of the State of Georgia and owns and operates a plumbing business.

10. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Richard P. Fitzgerald, Jr. at 105 Auburn Court, Peachtree City, Georgia 30269.

11. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

12. At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

13. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

18. Defendant hired Plaintiff to provide plumbing related and later welding related services to Defendant's clients.

19. Defendant set the schedule for which Plaintiff worked.

20. Defendant paid Plaintiff $17.00 per hour for all hours up to 40 in a one week period and compensated Plaintiff $25.50 for some hours over 40 in a one week period.

21. At all times relevant to this action, Defendant regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

22. At all times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

23. From on or about June, 2011, thru on or about March, 2012, Plaintiff was required the morning of each day of work to report to Defendant's Peachtree City Location to pick up Defendant's welding truck and all of its associated equipment and drive it to the location of Defendant's client where Plaintiff was scheduled to work that day.

24. Also from on or about June, 2011, thru on or about March, 2012, Plaintiff was required at the end of each day of work to drive Defendant's welding truck and all of its associated equipment to Defendant's Peachtree City Location.

25. Defendant did not include the time it took Plaintiff to drive its truck to and from its clients' locations from its Peachtree City location in Plaintiff's work time as required by law.

26. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

27. At all times relevant to this action, Defendant had a policy and/or practice of not compensating Plaintiff for time spent driving Defendant's welding truck to and from its Peachtree City Location and its clients' locations where Plaintiff worked.

28. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

29. Defendant is liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid

under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

30. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

31. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

33. Plaintiff demands a jury trial.

## COUNT I

34. Plaintiff repeats and incorporates by reference paragraphs 1-33 herein.

35. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Plaintiff in accordance with the FLSA.

36. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

37. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of his proper overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation and liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action;

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled; and

E. That Plaintiff be awarded judgment in this matter in his favor.

Respectfully submitted this 23rd day of April, 2012.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin

Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070

(770) 344-7267 / (770) 837-2678 Fax