## SETTLEMENT AGREEMENT
## AND RELEASE

This Settlement Agreement and Release (the "Agreement"), is entered into this 13th day of June, 2012, by and between Daniel O'Neil ("Plaintiff") and FitzGerald & Sons Plumbing Company ("Defendant"), for good and valuable consideration the adequacy of which is hereby acknowledged, and states as follows:

**WHEREAS,** Plaintiff filed an action styled, Daniel O'Neil v. FitzGerald & Sons Plumbing Company, Civil Action File No.: 1:12-CV-1386 in the United States District Court, Northern District of Georgia (the "Action");

**WHEREAS,** Plaintiff alleged in the Action that Defendant violated Plaintiff's rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("ACT");

**WHEREAS,** Defendant denies the allegations made by Plaintiff in the Action;

**WHEREAS,** the parties hereto have a desire to compromise, settle and satisfy any and all claims, demands and disputes between them arising out of or relating to Plaintiff's employment with the Defendant.

**NOW THEREFORE, AND IN CONSIDERATION** of the following terms, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendant agree as follows:

1.

The parties, having separately negotiated settlement and resolution of Plaintiff's alleged damages available pursuant to the act from attorneys' fees, Defendant shall make a total settlement payment in the sum of (Seventeen Thousand and Five Hundred Dollars) $17,500 divided into two separate payments, one in the amount of (Eleven Thousand Nine Hundred

Dollars) $11,900 to Plaintiff and a second payment in the sum of (Five Thousand Six Hundred Dollars) $5,600 for Plaintiff's attorneys' fees payable to Thomas F. Martin, Attorney-At-Law. Of the payments made to Plaintiff, one half or (Five Thousand Nine Hundred Fifty Dollars) $5,950 constitutes payment for wages and (Five Thousand Nine Hundred Fifty Dollars) $5,950 constitutes payment of liquidated damages payable pursuant the Act. Plaintiff shall be responsible for payment of appropriate federal and state taxes.

2.

In consideration of said payment as described in Paragraph 1 above, Plaintiff does hereby forever release and discharge Defendant, its officers, employees, agents, successors, assigns and attorneys of and from any and all liability, claims, demand, damages, actions and causes of action, whether arising in law or equity, express or implied, known or unknown, related to or in any way connected with or arising out Plaintiff's employment with Defendant, including, but not limited to any and all actions and causes of action alleged or which could have been alleged in the Action.

3.

Within five (5) days receipt the settlement proceeds described in Paragraph 1 above, Plaintiff shall cause a Dismissal with Prejudice in the Action in a form as identified in attachment "A" hereto.

4.

Both parties acknowledge that the execution of this Agreement is neither an acknowledgement of any liability nor an evaluation of the extent of liability claimed by Plaintiff against Defendant. The parties have entered into this Agreement to avoid unnecessary, expensive and protracted litigation.

2

5.

The parties understand and agree that the terms of this Agreement are to remain completely confidential and that their attorneys, agents and/or representatives will neither reveal nor publish, communicate or otherwise make public the terms of this Agreement, unless compelled to do so by a judicial process.

6.

Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under the ACT but, if any provision of this Agreement shall be prohibited by or be invalid under the ACT, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

7.

The parties state that this Agreement has been carefully read, that benefit of counsel was available to both parties in order to explain the scope and effect of the Agreement and that it is signed as the free act and deed of the undersigned.

8.

This Settlement Agreement and Release of all claims may be executed in one or more counterparts, each of which shall be deemed an original, but all of which constitute one in the same instrument.

9.

The Plaintiff warrants and represents that he has not assigned, have not attempted to assign, will not assign and will not attempt to assign any of the causes of action expressly raised herein.

10.

This Agreement shall be governed by and construed in accordance with the ACT.

11.

This Agreement compromises the entire understanding and agreement between the parties, supersedes any prior or contemporaneous oral or written understandings, promises or representations, and may not be modified or amended except in writing signed by all parties.

GIVEN UNDER HAND AND SEAL THIS 13" DAY OF June, 2012.

_____            _____
Daniel O'Neil (Plaintiff)             FitzGerald & Sons Plumbing
                                      Company (Defendant)

1594911.1

4